JOAQUÍN BELÉNDEZ SOLÁ, INC., demandante y recurrida, *v.* RUBÉN A. RIVERA HERNÁNDEZ, haciendo negocios bajo el nombre de ROSWELL PHARMACAL COMPANY, demandado y recurrente.

*Número:* R-68-75      *Resuelto:* 21 de mayo de 1974

*Demetrio Fernández,* abogado del recurrente; *Elí Beléndez García y Carlos E. García Portela,* abogados de la recurrida.

PER CURIAM: Joaquín Beléndez Solá, Inc., registró en el Departamento de Estado de Puerto Rico la marca de fábrica "OCTARON", aplicable a un inyectable para casos de anemia y debilidad. Por años, hasta el 1961, empleó al señor Rubén A. Rivera Hernández, quien entre sus funciones ejercía la de vender el referido producto. Al dejar de trabajar para la entidad mencionada, el señor Rivera se dedicó a la venta de productos farmacéuticos, entre ellos otro inyectable denominado "NEOTRON", compuesto con la misma fórmula de "OCTRON". El señor Rivera intentó registrar la marca "NEOTRON" pero el Departamento de Estado se negó a ello en carta de 4 de octubre de 1962, por entender que tal marca era "tan parecida a la ya registrada en este Departamento por Joaquín Beléndez Solá, Inc., y se aplica a la venta de artículos de las mismas propiedades descriptivas, que de existir ambas causarían confusión en la mente del público . . . ."

El señor Rivera no intentó revisar la determinación del Departamento de Estado, continuando el uso de su marca. En consecuencia, Joaquín Beléndez Solá, Inc., demandó al señor Rivera Hernández, solicitando daños y perjuicios y la expedición de una orden para que el demandado se abstuviese de fabricar y distribuir el producto "NEOTRON". El Tribunal Superior denegó la petición de daños, pero emitió la orden requerida. Para la revisión de esta sentencia recurre el demandado ante nos.

■ Una de las contenciones centrales del recurrente es que la demandante no probó adecuadamente que el uso de la marca "NEOTRON" produjo confusión en la mente del público, según requiere a su juicio el Art. 4 de la Ley de Marcas de Fábrica. No se cometió el error imputado.

El Art. 4 (f) de la referida ley lee en parte así, 10 L.P.R.A. sec. 194 (f) :

". . . Tampoco se registrará una marca de fábrica que sea idéntica a otra marca ya inscrita o conocida que pertenezca a

otro y se use en artículos de las mismas propiedades descriptivas, o que tanto se asemeje a la marca de fábrica perteneciente a otro, que sea muy probable que ocasione confusión o equivocación en la mente del público, o dé lugar a engaño de los compradores . . . ."

Hemos señalado antes, a la luz de este artículo, que basta probar la posibilidad de confusión, sin que haya que probar que ésta se produjo de hecho. *Cooperativa de Cafeteros* v. *Colón Colón*, 91 D.P.R. 372 (1964). Al mismo efecto: 3 Callmann, *Unfair Competition, Trademarks and Monopolies*, 3ª·ed., Callaghan & Co., Ill., 1965, § 82.3(a), págs. 848 y ss., Calimafde, John M., *Trademarks and Unfair Competition*, Alpert Press, Brooklyn, 1970, § 6.18, págs. 314 y ss. Esta es la interpretación que prevaleció también bajo la antigua ley federal de Marcas de Fábrica de 1905, cap. 592, § 5, 33 Stat. 724, de la cual deriva la nuestra y la que prevalece hoy. Colón, R., Jr.: *Las marcas de fábrica en los derechos norteamericano y puertorriqueño*, 8 Rev. de Derecho Puertorriqueño 38, 40 (1968); Callmann, *loc. cit.*

La contención del recurrente requiere, no obstante, que nos expresemos sobre la regla que debe privar en esta jurisdicción respecto al peso de la prueba en estos casos. Basta con que un demandante pruebe *prima facie* que puede ocurrir la confusión para que pase a ser responsabilidad del demandado justificar la similaridad. *Mishawaka Rubber & Woolen Mfg. Co.* v. *S. S. Kresge Co.*, 119 F.2d 316, 323 (6th Cir. 1941); Callmann, *op. cit.*, vol. 3, pág. 867. La similaridad en sonido puede de por sí concebiblemente sostener la imputación de la infracción de una marca. Calimafde, J. M., *op. cit.*, § 10.01. Mas aquí se fue más allá. La prueba del demandante demostró que se trataba también de productos que utilizaban la misma fórmula y que se destinaban al mismo fin. Le correspondía al demandado presentar prueba de refutación y no lo hizo. Descargada su responsabilidad por el demandante, la sentencia del tribunal de instancia tuvo por tanto el necesario fundamento en la prueba.

■ Argumenta también el recurrente que la sentencia recurrida violenta las normas establecidas por este Tribunal en relación con la revisión judicial de las decisiones administrativas y apunta a alegadas deficiencias constitucionales por razón de no proveerse vista de clase alguna para las determinaciones del Secretario de Estado bajo la ley que nos ocupa. No se trata aquí, sin embargo, de la revisión judicial de la decisión de un organismo administrativo. Un recurrente tiene en este tipo de caso dos caminos para cuestionar la decisión administrativa en su contra. Puede solicitar la cancelación del registro de la marca ya registrada por otro, 10 L.P.R.A. sec. 200, en cuyo caso se celebra una vista administrativa de surgir oposición a la cancelación, 10 R.&R.P.R. secs. 206–34, ó puede, aunque el estatuto guarda silencio sobre el particular, pedir la revisión del asunto por el Tribunal Superior. *López* v. *Muñoz, Gobernador*, 80 D.P.R. 4 (1957). El recurrente no se valió de ninguno de estos remedios y no hallamos base en los autos para un ataque constitucional al procedimiento seguido.

Hemos examinado otros apuntamientos de error y no hallamos mérito en los mismos.

*Se confirmará por los fundamentos expuestos la sentencia del tribunal de instancia.*