Segarra Olivero, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
La parte recurrida Isla Development, S.E., nos solicita la desestimación del recurso del título por el fundamento de que el escrito de revisión no fue notificado a la abogada de dicha parte conforme lo dispuesto en la Regla 58 del Reglamento del Tribunal de Circuito de Apelaciones. El recurso fue notificado a la parte recurrida directamente.
El 23 de diciembre emitimos una resolución concediendo a la parte recurrente el término de diez (10) días para exponer su posición frente a los planteamientos de la parte recurrida.
El 24 de diciembre de 1997 compareció la parte recurrente y aduce, entre otras cosas, lo siguiente:

"1. La recurrida Isla Development ha solicitado desestimación del presente recurso alegando su representante legal que ésta no fue notificada del mismo. Ello no es correcto.

2. Una somera lectura de la Regla 58 de este tribunal para concluir lo contrario. La misma establece que el recurso se notificará a las partes o a su representante legal." (Subrayado nuestro)
Inexplicablemente la parte recurrida ha parafraseado incorrectamente las claras disposiciones de la *942 citada Regla 58(B) de nuestro Reglamento, que lee textualmente como sigue:

"La parte recurrente notificará el escrito inicial de revisión a los(as) abogados(as) de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia, al(la) funcionario(a) administrativo(a) de cuyo dictamen se recurre, dentro del término para presentar el recurso."

Es evidente que la recurrente traspuso el orden del texto para que lea al revés, o sea: "el recurso se notificará a las partes o a su representante legal", omitiendo, de paso, la frase "o en su defecto". No podemos avalar la interpretación que propone la recurrida, quien no cuestiona que no notificó el recurso a la abogada de la parte recurrida y que dicha abogada es la abogada de récord del trámite administrativo.
La parte recurrente pretende que interpretemos la frase "o en su defecto" para permitirle que notifique, a su elección, a la abogada o a la parte. Rehusamos acceder a lo solicitado. La única interpretación plausible es que "o en su defecto" se refiere a aquellas ocasiones en que una parte interviene o participa en el procedimiento administrativo sin estar asistida por abogado(a).
Resolvemos, pues, que cuando la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. see. 2172, exige que la notificación de la presentación del recurso se haga a todas las partes dentro del término para solicitar la revisión —lo cual es un requisito jurisdiccional— a aquellas que estén representadas por abogado(a) se les notificará por conducto de su representante legal. Véase Berríos v. Comisión de Minería, 102 D.P.R. 278, 230 (1974); Arroyo Moret v. F.S.E., 113 D.P.R. 379 (1982).
Por los fundamentos expresados se desestima el recurso de epígrafe, toda vez que carecemos de jurisdicción para considerarlo.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General