Alfonso de Cumpiano, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Gecko Corporation y Patricio Esteves Posada (Gecko) presentan recurso en el cual solicitan revisión de la resolución del Departamento de Estado mediante la cual se denegó su solicitud de registro de una marca de servicios por existir probabilidad de confusión entre dicha marca y una previamente registrada. Alega la parte recurrente que erró el Departamento de Estado porque no existe probabilidad de confusión entre las marcas én cuestión.
Examinado el expediente, las alegaciones de las partes y el derecho aplicable, concluimos qué procede denegar la expedición del recurso.
Gecko presentó ante el Departamento de Estado una solicitud de registro para la marca “The Gallery Café”, bajo la clasificación 42, correspondiente a misceláneos. La solicitud se refería al registro de la marca dé un negocio para el expendio de comidas, bebidas, cocina creativa, banquetes y exhibición de obras de arte. Dicho negocio está localizado en la calle Fortaleza en San Juan. Anejo del recurso, págs. 1 y 2.
*660 El Departamento de Estado denegó en la resolución recurrida el registro de la marca “The Gallery Café” por ser muy similar a la marca previamente inscrita “Restaurant Café Galería” en cuanto a su contenido gráfico y fonético, en los métodos de mercadeo y canales de distribución. Anejo 7 del recurso, págs. 14-17.
En la consideración del recurso cuestionando esa determinación debemos, en primer lugar, exponer brevemente las normas que rigen nuestra función revisora en casos de esta naturaleza y, en segundo lugar, las correspondientes al derecho de marcas en nuestra jurisdicción. La norma general de revisión judicial de determinaciones administrativas promulga deferencia judicial a éstas a base de la especialización. Bajo ese criterio de deferencia, nos corresponde determinar si la agencia actuó de manera arbitraria, ilegal, o tan irrazonablemente que su actuación constituyó un abuso de discreción. Misión Industrial de Puerto Rico v. Junta de Planificación, _ D.P.R. _ (1997), 97 J.T.S. 79, pág. 1161; Fuertes y otros v. A.R.P.E., 134 D.P.R _ (1993), 93 J.T.S. 165, pág. 11383; Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692 (1975). También nos corresponde determinar si la decisión del organismo administrativo se basa en evidencia sustancial que obra en el expediente administrativo o está huérfana de prueba sustancial en la totalidad del récord. Las conclusiones de derecho de la agencia serán revisables en todos sus aspectos. Misión Industrial de P.R. v. Junta de Planificación, et als, _ D.P.R. _ (1997), 97 J.T.S. 34, pág. 719; sección 4.5 de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, Ley de Procedimiento Administrativo Uniforme (L.P.A. U.), 3 L.P.R.A. sec. 2175.
Las determinaciones de hechos serán sostenidas por el tribunal si no son arbitrarias, erróneas en derecho o contrarias a la prueba que obra en el expediente. Corresponde a la parte recurrente derrotar la presunción de corrección de las determinaciones de la agencia y demostrar que ésta incurrió en errores en las determinaciones de hechos o en el derecho que ameriten su revisión. No basta con hacer alegaciones basadas en especulaciones o inferencias, puesto que la revisión judicial de la decisión administrativa se limita al récord o expediente.
En cuanto al derecho aplicable a la controversia bajo consideración, la Ley de Marcas de Fábrica, Núm. 63 de 14 de agosto de 1991, 10 L.P.R.A. secs. 171 ss., establece el régimen jurídico para la protección de marcas en Puerto Rico. El término marca se define por ley como todo signo o medio que sirva para distinguir en el mercado productos o servicios de una persona, de productos o servicios de otra persona e incluye cualquier marca de fábrica, servicio y colectiva. Las marcas de servicio se definen como todo signo o medio que sirva para distinguir los servicios de una persona de los de otra. Artículo 2, 10 L.P.R.A. sec. 171, incisos (a) y (c).
La Ley de Marcas de Fábrica consagra el derecho de propiedad sobre las marcas al disponer que éste se adquiere por su registro válido, conforme los requisitos establecidos en dicha ley. Artículos 3 y 4, 10 L.P.R.A. secs. 171 (a) y 171 (b). El Reglamento de Procedimientos del Registro de Marcas del Departamento de Estado complementa los requisitos legales para la presentación de una solicitud de registro. Reglamento de 18 de febrero de 1992, Expediente Núm. 4638.
El Secretario de Estado queda limitado por la referida ley en su facultad de efectuar el registro de marcas cuando se den las circunstancias especificadas en el Artículo 5 (a), que dispone cuáles marcas no son registrables. En lo que nos concierne, el aludido artículo dispone que no se registrará una marca que sea idéntica a otra marca ya inscrita o conocida, que pertenezca a otro y que se use en productos o servicios de las mismas propiedades descriptivas o que tanto se asemeje a la marca perteneciente a otro, que sea muy probable que ocasione confusión o equivocación en la mente del público o de lugar a engaño de los compradores. Tampoco será registrable una marca que sea idéntica o similar a un nombre comercial inscrito o que se haya solicitado su registro en el Departamento de Estado, que sea muy probable que ocasione confusión o equivocación en la mente del público. Artículo 5 (a) (7) y (8), 10 L.P.R.A. 171 c (a) (7) y (8).
*661 La ley dispone que cuando se presente una solicitud para el registro de una marca que es sustancialmente idéntica o que se parezca a una marca registrada en el Departamento de Estado a nombre de otro o a otra ya conocida que pertenezca y se use por otro que, en la opinión del Secretario de Estado pueda inducir a confusión, el Secretario decidirá quién tiene el derecho al registro de la marca. Artículo 9, 10 L.P.R.A. sec. 171g.
La falta de autoridad del Secretario para inscribir marcas de fábrica que tanto se asemejen a la marca de fábrica perteneciente a otro, que sea muy probable que ocasione confusión en la mente del público, estaba también contemplada en la legislación anterior. Ley Núm. 66 de 28 de julio de 1923, derogada por la Ley Núm. 63, supra. En un caso bajo la legislación anterior, nuestro Tribunal Supremo resolvió que establecida la probabilidad de confusión, correspondía al que solicita la inscripción de la marca rebatir dicha probabilidad y que en ausencia de base en el récord, no podía el tribunal intervenir con la decisión del Secretario de Estado denegando la inscripción. Garriga Trad. Co. v. Century Pack Corp., 107 D.P.R. 519; 525 (1978).
En el caso de Posadas de Puerto Rico Associates, Inc. v. Sands Hotel & Casino, 131 D.P.R. 21 (1992), el Tribunal Supremo se expresó sobre el concepto de “probabilidad de confusión” bajo el derecho marcario. En dicho caso señaló el Tribunal que el derecho propietario de una marca pertenece al primero que la utilice en relación con su producto o servicio en la jurisdicción que ofrece la protección jurídica, por lo que únicamente existe una violación a ese derecho si la marca utilizada posteriormente crea una probabilidad de confusión al consumidor con respecto a la marca protegida. Dispuso, además, que existe probabilidad de confusión cuando un comprador prudente y razonable puede comprar un producto bajo la creencia que está comprando otro producto. La confusión tiene que ser probable; no es suficiente una mera posibilidad de confusión. El Tribunal Supremo reconoció que no existe una norma precisa para determinar la existencia de probabilidad de confusión entre dos productos o servicios. Es menester examinar las circunstancias particulares de cada caso, a base del balance entre los factores o criterios desarrollados jurispmdencialmente para analizar la probabilidad de confusión. Algunos de estos criterios son: la similaridad entre las marcas, la similaridad de los productos o servicios, la fuerza de la marca o su distintivo, la intención del segundo usuario al adoptar la marca de servicio y evidencia de confusión actual o real. En el aludido caso se explican individualmente estos criterios. Vale señalar que en cuanto al factor de confusión actual, se determinó que no es necesaria evidencia a esos efectos para demostrar imitación de marcas, aunque constituiría la mejor evidencia para demostrar que existe probabilidad de confusión. Posadas, supra, págs. 42-50.
En la resolución recurrida, el Secretario de Estado reconoció criterios similares a los establecidos por nuestra jurisprudencia según señalados previamente, incluyendo y especificando otros, tales como similaridad en los métodos de mercadeo y canales de distribución, distintividad de la marca del usuario con mayor antigüedad, posibilidad de que éste expanda servicios, extensión de venta de servicios en territorios diferentes, y la intención del usuario reciente.
La Ley de Marcas no contiene un procedimiento administrativo ulterior, luego de que el Secretario deniega la solicitud, como lo establece para cuando se propone inscribir el registro de una marca. Esta dispone que si del examen de la solicitud resulta rechazable el registro de la marca, el Secretario lo notificará al solicitante, dándole las razones para su rechazo. Si del examen resulta que tiene derecho al registro solicitado, se seguirá el procedimiento de ley de publicación y oportunidad de oposición. Artículo 7, 10 L.P.R.A. sec. 171e.
Una persona perjudicada por una decisión del Secretario de Estado negándose a registrar una marca de fábrica puede cuestionar dicha decisión por dos vías: (a) solicitando la cancelación del registro de la marca inscrita por otro, o (b) solicitando revisión judicial. J. Beléndez Solá, Inc. v. Rivera, 102 D.P.R. 276 (1974). Respecto a lo primero, la solicitud de cancelación debe ser sometida dentro de los cinco (5) años de la *662 inscripción y estar basada en los fundamentos de ley entre éstos, que la marca se ha convertido en nombre genérico. Artículo 19, 10L.P.R.A. sec. 171q.
Gecko tenía también disponible la solicitud de reconsideración ante la agencia, mas optó por presentar este recurso de revisión judicial amparándose en argumentaciones para rebatir la decisión recurrida. Reconoce en el recurso que el "Restaurant Café Galería” obtuvo la inscripción de su nombre comercial con anterioridad a su solicitud. No obstante, argumenta que no existe probabilidad de confusión con su solicitud para inscribir "The Gallery Café”, debido a que ambos locales comerciales están dirigidos a clientela diferente, operan en distintos horarios y el concepto de los negocios es diferente. En síntesis, arguye que los criterios relevantes demuestran que no hay similitud, porque a los nombres los distingue la palabra “Restaurant” y ambos negocios se orientan a clientela diferente en mercado y territorio; las palabras "restaurant”, “café, y "galería” son comúnmente usadas en el ramo de servicios; existe proximidad de fechas, año 1998, en el uso de ambos nombres; la experiencia ha sido que no existe confusión, y que el “Restaurant Café Galería” ha tolerado el uso del nombre "The Gallery Café”.
Los argumentos del recurrente no derrotan la presunción de corrección de la resolución recurrida, ni encuentran apoyo en el expediente. Veamos.
En las solicitudes de registro de marca de ambos negocios se describen los servicios como que incluyen el expendio de comida y bebida. Aunque los recurrentes caracterizan ante nos su negocio como una barra, donde incidentalmente se sirve comida, surge del Permiso de Uso expedido a su favor por la Administración de Reglamentos y Permisos (A.R.P.E.) que el establecimiento de los recurrentes está autorizado a usarse como "restaurante con expendio de bebidas alcohólicas con área de banquetes” y que como condición al permiso se estableció que el mismo no se convertiría en barra o club nocturno. Apéndice de la oposición, pág. 5. Por tanto, hay base en el expediente para sustentar que los tipos de servicios representados por ambas marcas son similares y no se ha demostrado lo contrario. El uso señalado como el de exhibición de obras de arte en la solicitud de "The Gallery Café” no desvirtúa el carácter principal del negocio como de servicios de comida y bebida.
Se sostiene, pues, la determinación de similitud de ambos por la clasificación de misceláneos y por los servicios que ofrecen. Ambos ubican en el Viejo San Juan y su mercado es común. La diferencia que pretende establecer el recurrente a base de la clientela a que están dirigidos, “The Gallery Café”, a jóvenes y jóvenes adultos con música, amenidades para jóvenes y operación básicamente nocturna y el “Restaurant Café Galería”, a un público maduro y operación temprana en la noche, no quedan evidenciados en el récord, ni ante este Tribunal. Tampoco en la solicitud de registro de marca presentada por el recurrente, ni en el permiso concedido por A.R.P.E. se hace mención de las especificaciones o diferencias que éste reclama. En cuanto al contenido gráfico y fonético de los nombres, ello surge del uso en éstos de las palabras "café” y de “gallery” y “galería”. Aunque las dos últimas palabras son una en inglés y otra en español, suenan similares en su pronunciación.
Por otra parte, no hay la proximidad de fechas en usos que alega el recurrente. Según la solicitud de "Restaurant Café Galería”, este nombre se usa en el comercio desde 1995 y el del recurrente desde 1998, teniendo el primero, además de la protección registral, mayor antigüedad.
Respecto a la contención de Gecko de que las palabras “restaurant”, “café” y “galería” son común y extensamente utilizadas por los comerciantes en el ramo de servicios, al grado de que la probabilidad de confusión es menor por ese motivo, existe como hemos indicado, el procedimiento administrativo en ley ante el Departamento de Estado para solicitar la cancelación de un registro por el fundamento de que la marca se ha *663 convertido en el nombre genérico del producto o de los servicios para los cuales se usa, y no compete su dilucidación a este Tribunal.
En cuanto a la alegación de que “Restaurant Café Galería” ha tolerado el uso de “The Gallery Café”, está establecido que ni aun por convenio privado una parte puede permitir el uso de una marca para obligar al Secretario de Estado su inscripción. El registro de una marca es no sólo en protección de una parte, sino especialmente en protección del público consumidor. Garriga Trad. Co. Inc., supra, pág. 524.
Por último, la falta de confusión actual o real, único error levantado en el recurso, y de la intención del segundo usuario, no está contenida en el expediente, ni se sustenta en el recurso. La probabilidad de confusión surge de los criterios considerados por el Secretario de Estado, lo que no ha sido refutado por Gecko con otra pmeba que no sea la obrante en el expediente.
En conclusión, al considerar en conjunto los criterios aplicados en la resolución recurrida encontramos que no resulta arbitraria o irrazonable la determinación del Departamento de Estado de denegar la inscripción de la marca “The Gallery Café”, ya que está sustentada en el expediente que las marcas en cuestión son similares en sus servicios, en su fonética, y en el mercado a las que van dirigidas.
En virtud de todo lo anterior, se deniega la expedición del recurso.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General