Arbona Lago, Juez Ponente
*1084 TEXTO COMPLETO DE LA RESOLUCION
Antecedentes
I
El 7 de junio de 1999, se radicó el certiorari Núm. KLCE-99-00579 para revisar una orden dictada el 26 de abril de 1999, en el expediente KPE-96-0764 (Hon. Carlos Dávila Vélez, Juez). El 24 de septiembre de 1999, se presentó la solicitud de revisión Núm. KLRA-99-00606 para revisar una determinación (resolución) administrativa tomada por el Registro de Corporaciones y Marcas del Departamento de Estado, en reconsideración.
Tratándose de asuntos íntimamente relacionados y conducidos por las mismas representaciones legales, consolidamos en etapa de dictamen.
El litigio se circunscribe al derecho de uso de la marca “NABO & Logó Design 43,471” inscrito en el Registro de Corporaciones y Marcas del Departamento de Estado. Lo disputan la North American Boxing Organization Intercontinental Inc., corporación del estado de Arizona (en lo sucesivo NABO Intercontinental) y la Organización Mundial de Boxeo, Inc., también conocida como World Boxing Organization, Inc. (OMB-WBO), Reg. 18,719 radicado el 28 de octubre de 1988 enmendando su certificado el 14 de diciembre de 1989 en el Departamento de Estado de Puerto Rico, que tiene entre sus filiales a la North American Boxing Organization, Inc. (N.A.B.O.), organizada conforme a las leyes del Estado Libre Asociado de Puerto Rico desde el 22 de noviembre de 1995, Registro 92,319 (en lo sucesivo N.A.B.O. de Puerto Rico) bajo su filial señalada. En su parte dispositiva, la orden interdictal dispuso:
“La parte promovente nos ha demostrado que existe confusión en el deporte de boxeo puertorriqueño y la comunidad en general ante el uso de dos entidades del mismo nombre y siglas. Este hecho está plasmado en carta de la Sra. Dommys Delgado Berty, como presidenta y directora de la Comisión de Boxeo y Lucha Libre Profesional de Puerto Rico, fechada 18 de junio de 1997. Por su parte, la N.A.B.O. Intercontinental no ha demostrado un alto grado de interés público que impida la concesión del remedio solicitado. ”
Considerando todo lo antes expuesto, el Tribunal declara Con Lugar la solicitud de la parte demandante. Se le ordena a la co-demandada North American Boxing Organization Intercontinental, Inc. y a sus oficiales, directores, agentes, empleados, accionistas y abogados, a cesar y desistir de usar los nombres y siglas de North American Boxing Organization (N.A.B.O.) dentro de la jurisdicción del Estado Libre Asociado de Puerto Rico. Se le prohibe enviar “rankings” o clasificaciones, realizar negocios o actividades dentro de la jurisdicción del Estado Libre Asociado de Puerto Rico' bajo el nombre y siglas de North American Boxing Organization (N.A.B.O.) o North American Boxing Organization Intercontinental. De incumplir la co-demandada N.A.B.O.-Intercontinental con los términos de esta orden, el Tribunal podrá encontrarla incurso en desacato.
Esta orden tendrá vigencia cuando la parte demandante preste fianza por $30,000.00.
II
Núm. KLCE-99-00579
La Organización Mundial de Boxeo (OMB) representada por su Presidente, Ledo. Francisco Valcárcel Mulero y la North American Boxing Organization (NABO) presentaron demanda contra el Sr. John H. Montaño, los esposos Ismael Fernández y Virginia Pinto, el Sr. José Berrios y contra la North American *1085 Boxing Organization Intercontinental, Inc. (NABO Intercontinental). En síntesis, alegaron que desde antes de la incorporación de la NABO han utilizado de manera indistinta y exclusiva el nombre y siglas North American Boxing Organization (NABO). Que la OMB constituyó a la NABO como una filial para auspiciar y supervisar al boxeo profesional en Norteamérica. Conforme a la contención de los demandantes, “el co-demandado John Montaño, residente en Arizona, organizó una corporación en Arizona con el nombre de North American Boxing Organization y/o NABO Intercontinental, Inc., y con ese nombre está realizando negocios en Puerto Rico y en otras jurisdicciones, creando confusión en todo el mundo, todo ello, a pesar de que el Estado de Arizona, es miembro de la organización demandante, así como reteniendo dinero de las demandantes, sustraído de cuentas en Puerto Rico". Que los co-demandados esposos Fernández actuaron en común concierto con el Sr. John Montaño y que NABO Intercontinental fue adquirida el 5 de marzo de 1997 por el co-demandado Sr. Berrios. Por último, solicitaron: 1) un interdicto para prohibirles el uso del nombre y las siglas, 2) una sentencia declaratoria para reconocer su derecho de exclusividad sobre el nombre y las siglas, y 3) compensación de $1,000 por los daños y perjuicios alegadamente sufridos.
Los demandados, Sr. John Montaño y los esposos Fernández, se allanaron a que el Tribunal de Primera Instancia emitiese interdicto permanente en su contra, pues ya no interesaban utilizar el nombre en cuestión. El Sr. John Montaño había vendido la totalidad de las acciones de NABO Intercontinental al Sr. Berrios. El Tribunal de Primera Instancia, mediante sentencia parcial de 3 de diciembre de 1997, acogió el allanamiento de los co-demandados.
El 10 de marzo de 1998, los demandantes desistieron de su reclamación contra el Sr. Berrios y el tribunal emitió sentencia de archivo parcial el 12 de marzo de 1998.
El 19 de junio de 1998, la co-demandada NABO Intercontinental presentó contestación a la demanda y reconvino. En la reconvención adujo que desde el año 1991, el co-demandado Sr. Montaño ideó crear y operar una entidad reglamentadora del boxeo en Norteamérica, la cual llamó North American Boxing Organization (NABO) y habiendo hecho negocios desde 1991 bajo ese nombre, el 22 de noviembre de 1995 inscribió en Puerto Rico una corporación con fines de lucro con el nombre de North American Boxing Organization, Inc. Sin embargo, luego de la incorporación, el Sr. Valcárcel y la OMB pretendieron adueñarse de la NABO y excluir al Sr. Montaño, razón por la cual éste procedió a inscribir en Arizona una corporación bajo el nombre de North American Boxing Organization y/o NABO Intercontinental en Arizona, el 21 de junio de 1996, y continuó utilizando el nombre y las siglas de NABO como los venía utilizando desde 1991. Que el 7 de marzo de 1997, el Sr. José Berrios le compró todas las acciones y derechos de la NABO Intercontinental. Conforme a la contención de NABO Intercontinental, la utilización ilegal por parte de los demandantes del nombre y siglas NABO le han causado daños que se estiman en $1,000,000. Solicitó interdicto prohibiéndole a los demandantes-reconvenidos cesar y desistir de utilizar el nombre y siglas de NABO Intercontinental, sentencia declaratoria reconociéndole derecho de exclusividad sobre el nombre y siglas North American Boxing Organization y/o NABO Intercontinental más compensación en daños por $1,000,000.
La parte demandante interpuso réplica a la reconvención y el 7 de julio de 1998 solicitó un interdicto provisional contra NABO Intercontinental para usar y desistir de utilizar el nombre North American Boxing Organization; el Tribunal señaló vista la cual se celebró presentándose prueba testifical por la parte demandante.
NABO Intercontinental presentó solicitud de sentencia sumaria. Alegó que no existe controversia respecto a que el 24 de abril de 1997 presentó ante el Departamento de Estado solicitud para inscribir el nombre y marca de servicio de “North American Boxing Organization/NABO” y su diseño y logo y que el 25 de junio de 1998, El Nuevo Día publicó un aviso notificando al público y concediéndole 30 días para cualquier objeción y *1086 el 9 de septiembre de 1998 el Departamento de Estado emitió la correspondiente certificación reconociendo a NABO Intercontinental como la propietaria y dueña del nombre y marca de fábrica “North American Boxing Organization/NABO" y de su diseño y logo. Argumentó que el certificado es prueba fehaciente de la validez de la marca inscrita y de que la marca es propiedad del titular registral, por lo que quien interese objetar debe acudir al Secretario de Estado y solicitar la cancelación, por ser éste quien tiene jurisdicción primaria exclusiva para atender el asunto.
Por su parte, los co-demandantes presentaron cuatro defensas contra la solicitud de sentencia sumaria, a saber: (1) que la promovente está impedida de levantar en esta etapa de los procedimientos esta defensa afirmativa conforme a lo establecido por las Reglas 6.3 y 10.8 de las de Procedimiento Civil; (2) la posición de la promovente es contradictoria, ya que solicita en la reconvención que se le reconozca el derecho al nombre, marca y logo objeto de esta controversia; (3) que en nuestra jurisdicción no puede inscribirse una marca con el nombre de una corporación preexistente y que de ésta haberse inscrito, tal acto sería nulo; y (4) que la inscripción de marca sólo tiene el efecto de constituir una prueba prima facie de un hecho, lo cual ha sido ya rebatido e impugnado. Para ello se apoya en un dictamen del foro de Primera Instancia en la causa KPE-96-0406 (Hon. Vélez Borrás) que resolvió lo siguiente:
“De los documentos aportados por las partes, se desprende que la presunción de exclusividad en el uso del nombre comercial, resulta ineficaz ante el hecho no controvertido de que desde el 29 de octubre de 1988, la demandante había adquirido la exclusividad de uso sobre el referido nombre corporativo. Un examen de lo dispuesto en los incisos 7 y 8 del Artículo 5 de la Ley de Marcas, supra, 10 L.P.R.A. sec. 171 (c) (a) (7) y (8), refleja sin lugar a dudas que el Departamento de Estado incurrió en error adicional al registrar un nombre comercial que ya había sido reservado a la demandante cuando ésta se incorporó bajo la Ley General de Corporaciones de Puerto Rico”. Decisión confirmada por el Tribunal de Circuito de Apelaciones el 9 die. 1997, en el Núm. KLAN-97-00091 al que el Tribunal Supremo denegó expedir el auto de certiorari.
Mediante resolución de 4 de diciembre de 1998, Instancia no dio mérito al planteamiento de NABO Intercontinental, al sostener que “el Departamento de Estado tiene jurisdicción exclusiva sobre el procedimiento para la cancelación de una inscripción de marca. El art. 24 de la Ley de Marcas, 10 L.P.R.A. sec. 171 v, dispone que cualquier persona que obtenga la inscripción de una marca en el Departamento de Estado valiéndose de una manifestación o declaración falsa o fraudulenta podrá instar en los tribunales una acción de interdicto, daños y perjuicios o solicitud de incautación. Habiéndose alegado por la parte demandante que la co-demandada N.A.B.O. Intercontinental obtuvo la inscripción de la marca mediando declaraciones falsas o fraudulentas, entendemos que este Tribunal tiene jurisdicción concurrente con la agencia administrativa sobre el asunto ”,
El foro de Primera Instancia señaló la continuación de la vista sobre solicitud de remedio provisional para atender las teorías de las partes, razones que justifican o impiden la concesión del remedio solicitado, la probabilidad de que la parte demandante prevalezca y lo relativo a la fianza. También dispuso que no se escucharán otros testigos, pero sí se aceptarían declaraciones juradas.
Luego de celebrada la vista, mediante resolución de 26 de abril de 1999, el foro de Primera Instancia emitió la orden recurrida concediendo el interdicto preliminar, previa la prestación de fianza por $30,000, la que fue prestada.
NABO Intercontinental no tiene planificado realizar eventos boxísticos en Puerto Rico y se ha limitado a notificar “rankings” en esta jurisdicción, para ello utilizando nombre y siglas muy similares a los utilizados por la Organización Mundial de Boxeo, Inc. OMB-WBO.
*1087 De ello, recurre “NABO, Intercontinental” vía certiorari e imputa al foro de Primera Instancia la comisión de dos errores:
“A. ABUSO DE SU DISCRECION EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR UNA ORDEN DE INTERDICTO PRELIMINAR IGNORANDO TOTALMENTE EL HECHO QUE LA PETICIONARIA ES LA TITULAR REGISTRAL DEL NOMBRE Y DISEÑO “NORTH AMERICAN BOXING ORGANIZATION-NABO ” ANTE EL DEPARTAMENTO DE ESTADO DEL ESTADO LIBRE ASOCIADO DE P.R.

B. ABUSO DE SU DISCRECION EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR UNA ORDEN DE INTERDICTO PRELIMINAR ANTE UNA AUSENCIA TOTAL DE PRUEBA QUE SOSTUVIERA QUE LOS RECURRIDOS HAN UTILIZADO EL NOMBRE COMERCIAL EN DISPUTA DE FORMA QUE SE IMPUTARA A ESTE UN SIGNIFICADO SECUNDARIO EN EL MERCADO DE PUERTO RICO, PODIENDO ASI RECLAMAR ALGUN DERECHO PROPIETARIO SOBRE EL NOMBRE. ”

III
Núm. KLRA-99-00606
En el recurso de revisión administrativa se impugna la decisión del Registro de Corporaciones y Marcas del Departamento de Estado de Puerto Rico, en reconsideración, mediante la cual se le canceló a NABO Intercontinental, el Registro número 40,244 para la marca de servicio N.A.B.O. & Design y se ordenó continuar los trámites de inscripción de dicha marca a favor de North American Boxing Organization, Inc. (NABO de Puerto Rico).
Originalmente, el Registro de Corporaciones y marcas (el Registro) había inscrito dicha marca 40,244 el 24 de abril de 1997 a favor de North American Boxing Organization/Intercontinental, Inc. en la clase internacional 41, en la clasificación de educación y entretenimiento.
El 13 de noviembre de 1998, el Ledo. José Cuevas Segarra, en representación del presidente de la Organización Mundial de Boxeo h/n/c World Boxing Organization, Inc., Ledo. Francisco Valcárcel, compareció ante dicho registro para solicitar la cancelación de la marca 40,244, según inscrita. El 4 de enero de 1999, el Registro notificó a NABO Intercontinental por conducto del Ledo. José J. Nieto del bufete Nieto & Vázquez, P.O. Box 364168, San Juan, Puerto Rico 00936-4168, mediante correo certificado con acuse de recibo núm. P 400 853 783, respecto a la impugnación y concediéndole hasta el lunes 15 de febrero de 1998 para replicar. El correo notificó al destinatario dos veces y ante la falta de reclamo devolvió al Departamento de Estado el sobre con la notificación. El Ledo. Nieto era el abogado de récord de NABO Intercontinental ante el Registro de Corporaciones y Marcas.
Finalmente el registro dispuso:
Evaluado el expediente y tomando en consideración el análisis del Tribunal Superior de San Juan, según contenido en la Orden del día 26 de abril de 1999, en el caso Organización Mundial de Boxeo, Inc. World Boxing Organization, Inc. v. John H. Montaño; North America Boxing Organization, Inc. Civil Núm. KPE-96-0764 (902), este Departamento declara Ha Lugar la solicitud de cancelación presentada por Francisco Valcárcel Mulero, en representación de Organización Mundial de Boxeo, t/c/c World Boxing Organization, Inc.
Se ordena la cancelación del registro número (40,244) para la marca “NABO & Design”.
*1088 Se ordena además continuar con los trámites de registro para la marca “NABO & Design”, a favor de North American Boxing Organization, Inc.
De ello se recurre por NABO Intercontinental mediante revisión e imputa la comisión del siguiente señalamiento:

“Con la emisión de la Resolución en cuestión, este DEPARTAMENTO privó a la compareciente de un derecho propietario sin reconocerle el más mínimo grado a un debido procedimiento de ley. ”

Las causas han quedado sometidas y debemos resolver. Denegamos la expedición de ambos recursos.
Exposición y Análisis
En pleito anterior sobre interdicto, sentencia declaratoria y daños KPE-96-0406, el foro de Primera Instancia dispuso de un litigio muy similar al presente, respecto al nombre de “Organización Mundial de Boxeo” t/c/p World Boxing Organization, Inc., entidad corporativa sin fines de lucro incorporada en Puerto Rico el 29 de octubre de 1998, Núm. 18, 719 (en lo sucesivo OMB-WBO), siendo su presidente el Ledo. Francisco Valcárcel Mulero. De tal forma se prohibió que un ente corporativo de igual nombre e incorporado por el Sr. Berrios Alvarado en el estado de Illinois, también autorizado a ejercer negocios con fines de lucro en California, Florida y Nevada, utilizare dicho nombre en Puerto Rico. Tal dictamen fue confirmado mediante sentencia del 9 de diciembre de 1997 por el Tribunal de Circuito de Apelaciones, Núm. KLAN-97-00901.
El asunto se repite, esta vez en tomo a la North American Boxing Organization (N.A.B.O. y su logo) que es organización afiliada a la OMB-WBO e inscrita en el Registro de Corporaciones y Marcas del Departamento de Estado el 22 de noviembre de 1995, Reg. 92,319.
En esta ocasión, el Sr. John Montaño, residente de Arizona, E.U.A., incorporó en el estado de Arizona un ente corporativo con fines de lucro de nombre North American Boxing Organization/Inter-Continental, Inc. [2] (NABO Intercontinental) y con tal nombre interesó ejercer negocios en Puerto Rico y también inscribió las siglas N.A.B.O. y logo en el Registro de Marcas de Servicio en el Registro de Corporaciones y Marcas del Departamento de Estado en Puerto Rico, bajo el número de inscripción 40,244, en la clasificación de educación y entretenimiento. Posteriormente, el Sr. Montaño vendió todas las acciones de NABO Intercontinental y el logo al Sr. José Berrios Alvarado.
Cuando NABO Intercontinental procedió a la inscripción en el Registro de Marcas respecto a N.A.B.O. & Logo, en noviembre de 1991, indicó que antes no había sido utilizada en Puerto Rico. Posteriormente, mediante declaración jurada del Sr. Berrios Alvarado del 14 de septiembre de 1998, señaló que ello fue un error, pues desde noviembre de 1991 el Sr. Montaño utilizó en Puerto Rico "... la marca de servicio NABO como d/b/a y el 21 de junio de 1996formó una corporación en el estado de Arizona con el nombre de NORTH AMERICAN BOXING ORGANIZATION INTERCONTINENTAL, INC. y le cedió el nombre NABO y diseño. Posteriormente, el 7 de marzo de 1997 el Sr. Montaño me vendió todas las acciones de la NORTH AMERICAN BOXING ORGANIZATION INTERCONTINENTAL, INC., incluyendo el nombre NABO y diseño ..." (Véase pág. 40 del apéndice).
De lo señalado surge que desde el 22 de noviembre de 1995 consta inscrita en el Registro de Corporaciones de Puerto Rico la “NABO de Puerto Rico” y la inscripción de la marca de servicio NABO & Logo fue presentada por “NABO Intercontinental” en el Registro del Departamento de Estado de Puerto Rico el 24 de abril de 1997.
*1089 Aunque los nombres corporativos no son exactamente iguales, pues les diferencia lo relativo a “InterContinental” o “Intercontinental", lo cierto es que las siglas, más el logo que “NABO Intercontinental” utilizó en Puerto Rico y logró inscribir en el Registro con el número 40,244 son, ante el ojo del público, iguales.
Como se conoce, basta probar la posibilidad de confusión en el público, sin que haya que establecerlo de hecho, para establecer el caso prima facie e imponer al demandado la responsabilidad de justificar la similitud sin perjuicio de confusión. Véase Beléndez Solá, Inc. v. Rivera, 102 D.P.R. 276 (1974); Cooperativa de Cafeteros v. Colón, 91 D.P.R. 372 (1964).
Ante tal cuadro fáctico y legal, no se puede concluir que el ilustrado foro sentenciador incurriera en un abuso de discreción al emitir la orden de interdicto preliminar en la causa KPE-96-0764. La Organización Mundial de Boxeo, Inc. ha establecido un caso fuerte “prima facie” de confusión en el mercado. (Véase páginas 3-5 de la Resolución recurrida, págs. 415-417 del anejo). Esto dispone de la causa Núm. KLCE-99-00579.
IV
Núm. KLRA-99-00606
“NABO Intercontinental” expone aquí que el Departamento de Estado le privó de un derecho propietario sin sujeción al debido proceso de ley.
Cuando “NABO de Puerto Rico" impugnó tal inscripción el 21 de noviembre de 1998, el Departamento de Estado notificó de ello a “NABO Intercontinental” el 4 de enero de 1999 y le concedió hasta el 15 de febrero de 1999 para replicar. Tal notificación se cursó por correo al abogado de récord de NABO Intercontinental en dicho registro, Ledo. José L. Nieto, del Bufete Nieto y Vázquez, con dirección postal “P.O. Box 364168, San Juan, P.R. 00936-4168”.
El 13 de enero de 1999, el Ledo. Rafael J. Vázquez González, por mensajero, notificó al Registro de Corporaciones y Marcas el acuse de recibo de la notificación del 4 de enero de 1999 y conocer de dicho término a vencer el 15 de febrero de 1999 (a más de un mes plazo); a la vez que expuso que aunque no contaba con el escrito de impugnación, señaló presumir "... que el documento en cuestión es una carta suscrita por el Ledo. José Cuevas, copia del cual me fue referida días atrás como un anejo a una moción que presentaran los demandados en el pleito de marcas que se ventila ante el Tribunal Federal ...”. En pliego por separado informó que el Ledo. Nieto ya no representa a “NABO Intercontinental”, que la sociedad Nieto & Vázquez se encuentra en disolución y el Ledo. Vázquez González de Vázquez & Vázquez asume la representación de NABO Intercontinental.
No obstante, el Ledo. Vázquez se cruzó de brazos y a pesar del conocimiento del trámite con no menos de 32 días plazo, nada hizo. El Registro finalmente resolvió, como queda dicho, mediante la resolución del 16 de julio de 1999, notificada por correo certificado con acuse de recibo P 400 853 783 al Ledo. José L. Nieto, Nieto & Vázquez, P.O. Box 364168, San Juan, P.R. 00936-4168, en sobre con remitencia del Departamento de Estado (Exhibit 1, pág. 11 del apéndice). Tanto el bufete Nieto & Vázquez como el de Vázquez & Vázquez cuentan con el mismo apartado postal, P.O. Box 4168, San Juan, P.R. 00936-4168.
El correo notificó para el recogido de tal correspondencia certificada en fechas de 7/30 y 8/4 de 1999 y finalmente al no ser el sobre reclamado, devolvió la correspondencia al Departamento de Estado el 8/14 de 1999.
*1090 Tal cadena de eventos no puede ser utilizada por la representación legal de “NABO Intercontinental” como escudo y como espada, para alegar falta de debido proceso de ley ante el foro administrativo. Aunque no se trate aquí del trámite consuetudinario, ni tampoco el que un libro de texto expondría como el más idóneo, no cabe la menor duda de que “NABO Intercontinental", quedó a tiempo notificado respecto a la instancia de impugnación y del término que se le concedió para exponer y optó por no actuar.
En cuanto a notificación, al igual que respecto al emplazamiento, el debido proceso de ley queda servido una vez “ ... haya una notificación razonable dirigida a enterar a [la otra parte] del pleito incoado y brindar así la oportunidad de comparecer y alegar lo que tuviera a bien”. “El requisito fundamental del debido procedimiento de ley es la oportunidad de ser oído. ” Granados Navedo v. Rodríguez Estrada, 124 D.P.R. 593, 610 (1989). Véase también Rodríguez v. Nasrallah, 118 D.P.R. 93 (1986). Ello es así porque el debido proceso de ley no es “abstracción apocalíptica Domínguez Talavera v. Tribunal, 102 D.P.R. 423, 428 (1974), y tampoco "... requiere de asepcia absoluta ...”, Pueblo v. Pérez Santaliz, 105 D.P.R. 19, 23 (1976), ni constituye "... molde rígido que prive la flexibilidad... ”. López Vives v. Policía, 118 D.P.R. 219 (1987).
El debido trámite judicial no tiene un mecanismo inflexible, universal y matemático en su implementación. A tal respecto, se ha dicho por el Juez Presidente Warren, en Hannah v. Larche, 363 USO 420, 1514-1515, (1960), que:
“El debido trámite de ley es un concepto elusivo. Su contorno exacto es indefinible y su contenido varía de acuerdo a la situación específica sobre la cual se predica. ” (Pág. 1514 [7])
“Por lo tanto, generalizadamente, se puede afirmar que el debido trámite de ley aglutina las diferentes reglas de trato justo que por años se han asociado a los diferentes procedimientos. Para que la Constitución requiera que determinado derecho se ofrezca en un procedimiento en específico, dependerá de una complejidad de factores. La naturaleza del alegado derecho, la naturaleza del procedimiento y cómo ello recarga el procedimiento, son consideraciones que deben ser tomadas en cuenta. ” (pág. 1515 [7]).
Anteriormente, el Juez Frankfurter había señalado, en Griffin v. Illinois, 351 USO 12, 12-20 (1956), que:
“El debido trámite es, quizás, el concepto menos inmóvil de nuestra ley, el menos atado a la historia y el más absorbente de los poderosos criterios de una sociedad avanzada. ” (Traducción nuestra).
No podemos justificar la conducta de NABO Intercontinental ante el Departamento de Estado y luego acoger el planteamiento predicado en este recurso de revisión. NABO Intercontinental tuvo oportunidad adecuada para exponer ante el foro administrativo en beneficio a sus alegados derechos y no los utilizó. Véase situación parecida en Commonwealth Loan Co. v. García, 96 D.P.R. 773 (1968), e Isaac Sánchez v. C.I.T., 95 D.P.R. 372 (1967).
El argumento del recurrente no es convincente. El daño que reclama es auto infligido. Conforme a los hechos que esta causa informa, el recurrente sabía de qué se trataba el asunto para el cual se le concedía amplio término de réplica. El Departamento de Estado notificó a la dirección correcta y el cambio de la configuración social del bufete no impidió que la misma llegare a su destino, en el mismo apartado de correos que comparten la sociedad profesional Nieto & Vázquez (en disolución) y Vázquez & Vázquez (en función). También se conocía respecto a la impugnación de la marca de servicio y si algo no estaba claro, hubo tiempo suficiente para aclararlo. Ante tal cuadro fáctico, no es posible aceptar un planteamiento de violación del debido proceso de ley, precisamente afianzado en falta de notificación adecuada.
*1091 Por otro lado, el Registro de Corporaciones y Marcas del Departamento de Estado viene obligado a mantener armonía entre ambos archivos y persigue el mismo sano objetivo de la Ley General de Corporaciones y Marcas, encaminado a evitar confusión y equivocación del público respecto a nombres corporativos y marcas. A tal respecto y según informa esta causa, “NABO Intercontinental” todavía está en condición de argumentar cualquier posible derecho que le acrezca en el proceso todavía pendiente ante el Registro de Marcas en favor de “NABO Puerto Rico
Dictamen
Conforme a lo señalado, se deniega la expedición del auto de certiorari en el Núm. KLCE-99-0579 y el auto de revisión solicitado en el Núm. KLRA-99-00606.
Se admite al Procurador General como representante legal del Departamento de Estado.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2000 DTA 76
1. La concesión del remedio solicitado no significa que se esté adjudicando, ni prejuzgando los méritos del pleito ante nos. Véase Misión Industrial, supra, pág. 732: Municipio de Ponce v. Rosselló González, Opinión del 5 de mayo de 1995, 95 J.T.S. 58, pág. 880.
2. Del récord también surge que el Sr. Berrios Alvarado se refiere a la corporación como North American Boxing Organization Intercontinental, Inc. (véase pág. 40 del apéndice-declaración jurada).